GUERRA, DEMANDANTE Y APELADO, *v.* IGLESIAS Y FERNÁNDEZ, DEMANDADOS, Y APELANTE EL SEGUNDO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en causa sobre cobro de dinero.

No. 1720.—Resuelto en mayo 7, 1918.

APELACIÓN, DESESTIMACIÓN DE—PARTES INTERESADAS.—Habiendo la sentencia en este caso condenado a los demandados Iglesias y Fernández, deudor y fiador solidario, respectivamente, a pagar cierta suma de dinero, la confirmación o revocación de la sentencia en nada alteraría la situación del deudor Iglesias, pues su responsabilidad es independiente y pesa siempre sobre él, bien se la exija el demandante, ya se la reclame el demandado Fernández, por lo que no cabe considerar a Iglesias como una parte realmente interesada en el recurso al objeto de desestimar la apelación establecida por el fiador Fernández porque haya dejado de notificarse al deudor Iglesias el escrito interponiéndola.

OBLIGACIONES — PRÓRROGA SIN CONSENTIMIENTO DEL FIADOR — EXTINCIÓN DE LA RESPONSABILIDAD DEL FIADOR.—Es regla general bien establecida, que se aplica lo mismo a casos de fiadores *simples* que a casos de fiadores *solidarios,* la de que si el acreedor, sin el consentimiento del fiador, concede más tiempo para el pago o cumplimiento de la obligación al deudor, la responsabilidad del fiador quedará extinguida.

ID.—ACTOS DEL FIADOR—INAPLICABILIDAD DEL ART. 1752 DEL CÓDIGO CIVIL.— Cuando el fiador con posterioridad al vencimiento de la obligación pide al acreedor que le aguarde y se niega a hacerse cargo de cierto objeto de valor origen del contrato manifestando que prefería pagar la deuda, está impedido de invocar en su favor el artículo 1752 del Código Civil, que consagra la indicada regla.

ID.—RECLAMACIÓN DE PAGO—RETRASO EN EL EJERCICIO DE LA ACCIÓN.—La mera circunstancia de que el acreedor no reclame el cumplimiento de la obligación inmediatamente que ésta vence y la de que retrase más o menos el ejercicio de su acción, no significa ni revela la intención de conceder al deudor prórroga alguna.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. E. Benítez Castaño* y *M. Benítez Flores.*

Abogado del apelado: *Sr. Adrián Agosto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Gabriel Guerra demandó en la Corte de Distrito de San Juan, Sección Primera, a Pedro A. Iglesias y a Clemente Fernández, en cobro de pesos. El origen de la deuda fué

la compra de un automóvil que Iglesias hizo a Guerra. Fernández garantizó el pago de parte del precio. Iglesias abonó a Guerra ciertas sumas pero dejó de satisfacer $2,398, de los cuales $1,300 estaban garantizados por Fernández por medio de un documento que dice: ''Debo y pagaré a don Gabriel Guerra o a su orden la cantidad de mil trescientos dollars que le satisfaré el 30 de abril del corriente año, devengando dicha cantidad intereses del nueve por ciento anual pagadero al vencimiento de esta obligación.—Yo, Clemente Fernández, me constituyo fiador solidariamente responsable de la expresada cantidad a cuyo cumplimiento obligo mis bienes habidos y por haber conforme a derecho.—San Juan, P. R., enero 15 de 1913.—(Fdo.) Pedro A. Iglesias.—Cl. Fernández.'' Guerra reclamó además en su demanda los intereses de las sumas adeudadas.

De la transcripción no aparece si el demandado Iglesias fué emplazado o hizo alegación alguna en el pleito. Consta que el otro demandado Fernández contestó alegando varias defensas y que celebrada la vista la corte dictó sentencia condenando a los dos demandados a pagar solidariamente al demandante la suma de $1,300 de principal, $409.50 de intereses hasta el 23 de julio de 1916 y los que se devenguen hasta el completo pago a razón del nueve por ciento anual. La sentencia condenó además al demandado Iglesias a pagar la otra suma reclamada con sus intereses. Las costas se impusieron ''a los demandados.''

El demandado Fernández apeló de la sentencia para ante este tribunal, notificando su escrito al demandante Guerra, pero no al demandado Iglesias. No consta que éste estableciera recurso alguno contra la sentencia dictada.

En el mismo día en que se celebró la vista de la apelación, quedó sometida a la consideración de la corte una moción del apelado solicitando la desestimación del recurso.

Dispondremos primero de la moción del apelado. Básase su solicitud en que no habiendo el demandado Fernández notificado su apelación a su codemandado Iglesias, debe deses-

timarse el recurso. Como hemos visto, la parte de la sentencia de que apeló Fernández, condenó a Fernández y a Iglesias a pagar solidariamente cierta suma de dinero. Si la sentencia se confirma, en nada se altera la situación de Iglesias. Y si se revoca en cuanto a Fernández por virtud de las defensas por él alegadas, que luego examinaremos y que sólo a él hacen referencia, tampoco se alteraría la situación de Iglesias, ya que su responsabilidad es independiente y pesará siempre sobre él, bien se la exija Guerra, ya se la reclame Fernández.

Siendo esto así no cabe considerar a Iglesias como una parte realmente interesada en el recurso y por tanto no debe desestimarse la apelación porque haya dejado de notificársele el escrito interponiéndola.

Procederemos ahora a considerar y resolver las cuestiones envueltas en la apelación. Sostiene la parte apelante que la corte sentenciadora infringió los artículos 1752 y 1753 del Código Civil y que por tanto su sentencia debe ser revocada.

El artículo 1752 dice que la prórroga concedida al deudor por el acreedor sin el consentimiento del fiador, extingue la fianza.

En su contestación el demandado Fernández alegó que el acreedor Guerra concedió al deudor Iglesias prórrogas para el pago de la deuda sin el consentimiento del fiador. Y en el acto de la vista el dicho demandado presentó como prueba una carta de Guerra dirigida a Iglesias en la cual el primero dice al segundo: ''Mucho me extraña que no haya venido Ud. a recoger el pagaré que venció el día 1°. del actual, a pesar de la prórroga que le dí hasta el día 16. Como tengo compromisos importantes, si a vuelta de correo no ha estado usted en mi oficina a recoger dicho pagaré me veré precisado a escribirle al Dr. cobrándole como fiador.'' El doctor a que se refiere la carta, que tiene fecha mayo 21, 1913, es el demandado Fernández.

El apelado sostiene en primer lugar que el artículo 1752 no se refiere al caso del fiador solidario, sino al del simple

fiador, pero no cita jurisprudencia alguna en apoyo de su contención. El legislador no estableció expresamente esa distinción. Los comentaristas que hemos consultado ni siquiera hacen referencia a ella. (Véanse 12 Manresa, Código Civil Español, 2ª. ed. p. 257; 4 Sánchez Román, Derecho Civil, 2ª. ed. p. 926; 4 Falcón, Código Civil, p. 403. Y el Tribunal Supremo de España, por sentencia de 6 de octubre de 1908, confirmó la sentencia dictada por la Audiencia Territorial de Barcelona en el pleito seguido por el Banco de España contra Juan Moles, Fernando Puig y Arturo Gines, por virtud de la cual se declaró extinguida cierta fianza solidaria que los dos últimos demandados habían constituído para garantir al primero, por virtud de una prórroga concedida a éste por el banco sin el consentimiento de aquéllos, quedando así resuelta la cuestión en sentido contrario al que pretende el demandante.

En la jurisprudencia americana hemos encontrado que si bien en algunos casos se ha resuelto que cuando los fiadores se obligan solidariamente con el principal no quedan exentos de responsabilidad por la prórroga concedida al principal, (Véase 32 Cyc. 194, nota 94), la regla general bien establecida es la de que si el acreedor por un acuerdo válido y obligatorio, sin el consentimiento del fiador, concede más tiempo para el pago o cumplimiento de la obligación al deudor principal, la responsabilidad del fiador quedará extinguida. 32 Cyc. 191.

Para el caso de que no se aceptara, como no se ha aceptado, su criterio, alega el apelado que demostrando la prueba que el apelante estaba enterado de todo lo ocurrido, habiendo él mismo solicitado prórrogas para verificar el pago que el apelado le concedió, no puede invocarse en su favor el citado artículo 1752 del Código Civil. En efecto si bien nada consta de la prueba con respecto al hecho de si el apelante Fernández consintió o no expresamente la prórroga de quince días concedida por el apelado a Iglesias, deudor principal, a que se refiere la carta que dejamos transcrita, es lo cierto que

la evidencia tiende a demostrar que Fernández con posterioridad al vencimiento de la obligación pidió a Guerra que lo aguardara y en cierta ocasión, según veremos luego, cuando Guerra le propuso que se hiciera cargo del automóvil origen del contrato, se negó a ello manifestando que prefería pagar la deuda.

Siendo ese el resultado de la prueba, opinamos que estuvo justificada la corte sentenciadora al dejar de aplicar en favor del apelante Fernández el precepto contenido en el artículo 1752 del Código Civil, ya que el fiador se mostró claramente dispuesto al cumplimiento de la obligación, dando así lugar a que el acreedor confiara en su proceder para no activar el cobro de la deuda y estando, por tanto, impedido de levantar la cuestión.

Veamos ahora si se cometió o no el otro error señalado por el apelante en su alegato, a saber: la infracción del artículo 1753 del Código Civil revisado, igual al 1852 del antiguo, que dice así: "Los fiadores, aunque sean solidarios, quedan libres de su obligación siempre que por algún hecho del acreedor no puedan quedar subrogados en los derechos, hipotecas y privilegios del mismo."

Sostiene el apelante que por virtud de haber dejado transcurrir el acreedor desde abril de 1913 a junio de 1916, sin notificar al fiador del incumplimiento de la obligación por parte de su fiado, permitió que éste quedara insolvente. En primer lugar no hay prueba plena de que Iglesias sea completamente insolvente y en segundo lugar si Iglesias logró finalmente vender el automóvil, es lo cierto que Guerra proporcionó a Fernández una oportunidad de apropiarse del mismo habiendo podido de tal modo indemnizarse ampliamente de lo que había garantizado satisfacer, ya que el automóvil valía entonces más de tres mil pesos. Además, de la prueba no aparece que Guerra dejare transcurrir todo el largo período de tiempo que afirma el apelante sin gestionar el cobro del fiador, pero aunque así fuera, según tiene declarado la jurisprudencia, la mera circunstancia de que el acree-

dor no reclame el cumplimiento de la obligación inmediatamente que esta venza, y la de que retrase más o menos el ejercicio de su acción, no significa ni revela la intención de conceder al deudor prórroga alguna. Véase la sentencia del Tribunal Supremo de España del 22 de marzo de 1901; 91 J. C. 395; y 12 Manresa, Código Civil Español, 2ª. ed. p. 359.

Por virtud de todo lo expuesto, procede la confirmación de la sentencia recurrida en la parte en que lo ha sido.

> *Confirmada la sentencia apelada en la parte en que lo ha sido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.